IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

V.                                                        CRIMINAL ACTION NO. 3:18-CR-82-SA-RP

CEDRIC GORDON                                                                          DEFENDANT

ORDER SUSTAINING MOTION TO SUPPRESS

The Defendant filed his Motion to Suppress [14] on September 18, 2018. The Defendant seeks to suppress all physical evidence and statements obtained during the September 9, 2017, traffic stop conducted by Deputy Forbert, including a firearm and controlled substances. After considering the Motion [14], the evidence presented at the hearing on the Motion on October 10, 2018, and for the reasons set forth below, the Court grants the Defendant's Motion to Suppress [14] all evidence gathered as a consequence of the traffic stop.

*Factual Background*

On September 9, 2017, around 10:30 pm, the Defendant was driving South on Highway 51, near Stateline Road and passed Deputy Forbert. According to Deputy Forbert's statement, he noticed that the female passenger in the Defendant's vehicle was not wearing a seatbelt but attempted to put her seatbelt on after the vehicle passed Deputy Forbert. Deputy Forbert subsequently followed the vehicle. In his narrative, Deputy Forbert maintains that he attempted to read the vehicle's license tag number but was unable to do so because the vehicle's tag lights were out. Deputy Forbert followed the Defendant's vehicle for approximately two minutes, or one-half mile, before initiating the traffic stop because the tag lights were out. After initiating the traffic stop, Deputy Forbert approached the Defendant's vehicle and claims he smelled marijuana coming from the vehicle. Deputy Forbert ran the vehicle's tag number and the Defendant's criminal history

came back positive. Deputy Forbert subsequently arrested the Defendant and the vehicle was searched, revealing a firearm and controlled substances.

*Analysis and Discussion*

The Fourth Amendment protects individuals from unreasonable search and seizures. Traffic stops are considered seizures within the meaning of the Fourth Amendment. *U.S. v. Grant*, 349 F.3d 192, 195 (5th Cir. 2003). The legality of a traffic stop is examined under the two-pronged analysis set forth in *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). This standard is a two-pronged reasonable suspicion inquiry: 1) whether the officer's action was justified at its inception and 2) whether the search or seizure was reasonably related in scope to the circumstances that justified the stop. *Id*. "Reasonable suspicion exists when the officer can point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the search and seizure." *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005); *see also Florida v. J.L.*, 529 U.S. 266, 274, 120 S. Ct. 1375, 146 L. Ed. 2d 254 (2000) ("When a police officer testifies that a suspect aroused the officer's suspicion . . . the courts can weigh the officer's credibility."). "Reasonableness, in turn, is measured in objective terms by examining the totality of the circumstances." *Ohio v. Robinette*, 519 U.S. 33, 39, 117 S. Ct. 417, 136 L. Ed. 2d 347 (1996).

The Defendant specifically contests the first prong of the *Terry*-stop inquiry, arguing that Deputy Forbert did not have reasonable suspicion to initiate the traffic stop at its inception. According to Deputy Forbert's narrative, he initiated the traffic stop because the vehicle's tag lights were not working, in violation of Mississippi Code Section 63-7-13. The Defendant contends that the photos taken from the night of the traffic stop clearly show that the tag lights were working and that Deputy Forbert had no reasonable suspicion to initiate the traffic stop.

At the hearing on this Motion [14], Deputy Forbert repeatedly contradicted the statements contained in his narrative and provided implausible testimony regarding the reasonable suspicion he had at the time of initiating the traffic stop. For example, Deputy Forbert's narrative stated that he initiated the traffic stop because the vehicle's tag lights were not working, but when questioned by the Court, Deputy Forbert admitted that the Defendant's tag lights were working on the night in question. Instead, Deputy Forbert explained that he initiated the traffic stop because the Defendant's license tag was not illuminated brightly enough.[1] Deputy Forbert claimed that he was unable to read the darkened tag from fifty feet away, as required under the statute. When questioned further by the Court, Deputy Forbert maintained that the tag was too dimly lit to read even forty feet away. However, Deputy Forbert eventually admitted at the hearing that he was able to see that the tag lights were in fact working and that the tag was illuminated once he stopped the vehicle.

Notably, Deputy Forbert's uncorroborated assertion that the tag was not illuminated is not supported by any facts submitted by the Government and Deputy Forbert's narrative makes no mention of the tag being poorly illuminated. Given the photos and evidence presented, the Court finds Deputy Forbert's contradictory testimony on this matter unreliable. *See Adams v. Williams*, 407 U.S. 143, 158, 92 S. Ct. 1921, 32 L. Ed. 612 (1972) ("When we legitimated the conduct of the officer in Terry we did so because of the substantial reliability of the information on which the officer based his decision to act.").

The Government also argues that even if the Defendant's tag lights were working properly, Deputy Forbert had reasonable suspicion to initiate a traffic stop because the seatbelt violation

---

[1] A lamp must be "placed as to illuminate with a white light the rear registration plate and render it readable from a distance of fifty (50) feet to the rear." Miss. Code Ann. § 63-7-13.

alone was sufficient to justify the stop. At the suppression hearing, Deputy Forbert stated that he intended to perform a traffic stop for a seatbelt violation, contrary to the narrative he prepared the day of the traffic stop. Deputy Forbert maintained that he had reasonable suspicion to initiate the traffic stop because he was able to see the passenger attempting to put her seatbelt on through the tinted windows. However, when questioned by the Court, Deputy Forbert admitted that the windows were darkly tinted and stated that he did not actually view the passenger without her seatbelt on. Based on the evidence and testimony presented at the hearing on this matter, the Court finds the evidence of a seatbelt violation unconvincing.

The Court stresses that it has considered the totality of the described circumstances in this case, with due deference to the experience of Deputy Forbert. Nonetheless, the Court does not find Deputy Forbert's testimony regarding his reasonable suspicion warranting the traffic stop credible. Accordingly, the traffic stop on September 9, 2017, fails to survive the first prong of the *Terry* analysis and amounts to a violation of the Defendant's Fourth Amendment rights. *Terry v. Ohio*, 392 U.S. at 15.

*Conclusion*

For all of the reasons set forth above, the Defendant's Motion to Suppress [14] is GRANTED.

It is SO ORDERED on this the 16th day of October, 2018.

                                                  /s/ Sharion Aycock
                                                  UNITED STATES DISTRICT JUDGE